IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY, | § |
| | § |
| Plaintiff, | § |
| | § |
| | § CIVIL ACTION NO. _____ |
| v. | § |
| | § |
| BI-SILQUE-ARTIGOS PARA CASA E | § |
| ESCRITORIO, S.A. and | § |
| BI-SILQUE VISUAL | § JURY DEMAND |
| COMMUNICATION PRODUCTS, | § |
| INC., | § |
| | § |
| Defendants. | § |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION
<u>UNFAIR COMPETITION, AND UNJUST ENRICHMENT</u>**

3M Company ("3M"), appearing through its undersigned counsel, alleges as follows:

**<u>PARTIES</u>**

1. 3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

2. Bi-Silque-Artigos Para Casa e Escritorio, S.A. ("Bi-Silque") is a Portuguese corporation with a principal place of business at Avenida Da Praia, Esmoriz, 3880 Ovar, Portugal.

3. Bi-Silque Visual Communication Products, Inc. ("Bi-Silque Visual") is a Florida corporation having its principal place of business at 4010 Oak Circle, Suite 200, Boca Raton, FL 33431. Bi-Silque Visual is a wholly owned subsidiary of Bi-Silque.

4. Bi-Silque and Bi-Silque Visual are collectively referred to herein as "Defendants."

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

5. This is an action for trademark infringement, dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"); for deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq*.; for unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq*.; for dilution under the Minnesota anti-dilution statutes, Minn. Stat. § 333.285 *et seq*.; for trademark infringement and unfair competition under the common law of Minnesota and other states where Defendants conduct business and have committed the acts complained of herein; and for unjust enrichment.

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over 3M's claims under state law.

7. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and a foreign state. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## 3M'S USE AND REGISTRATION OF THE MARK POST-IT

8. 3M develops and markets innovative products and solutions, including many consumer and office products, serving a diverse field of customers.

9. 3M introduced the revolutionary POST-IT brand of repositionable notes ("POST-IT Notes") and adhesive-backed paper approximately thirty years ago. Since that time, 3M has continuously used the mark POST-IT (the "POST-IT Mark") in connection with a variety of highly successful stationery and office-related products, including, without limitation, repositionable notes, adhesive backed easel pads and paper, bulletin boards, dry-erase boards, and combination boards comprising in part dry-erase boards and in part bulletin boards.

10. 3M is committed to sustainable practices in connection with its formulation of POST-IT products. This includes, but is not limited to, the use of recycled paper in many of 3M's POST-IT products, and the fact that all of its POST-IT paper products are themselves recyclable. In addition, 3M's POST-IT brand notes and easel pads have the Sustainable Forestry Initiative (SFI) Chain of Custody Certification, certifying that the paper used comes from well-managed forests where trees harvested for paper are replanted. 3M's packaging and marketing of its POST-IT products have called attention to these and other sustainability efforts by 3M.

11. The POST-IT Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

12. As a result of 3M's long and extensive use and promotion of the POST-IT Mark and the many high-quality products sold under the mark, POST-IT is a leading brand in the market for office products and supplies, and also is one of the most famous brands in the United States. *See Minnesota Min. & Mfg. Co. v. Taylor*, 21 F. Supp. 2d 1003, 1005 (D. Minn. 1998) (finding POST-IT mark famous).

13. Use of 3M's POST-IT brand products by consumers is extremely widespread, including in the home, office, and promotional markets. 3M's POST-IT products are promoted and available for purchase online, including directly from 3M through its websites (including 3M.com and Post-it.com), third-party websites such as Amazon.com, as well as in, and on the websites of, leading national office supply stores (Office Depot, OfficeMax, Staples); pharmacies (CVS, Rite Aid, Walgreens); and general retailers (Target, Wal-Mart).

14. As a result of 3M's long use and promotion, 3M has acquired valuable common law rights in the POST-IT Mark.

15. The POST-IT Mark has become famous, including in Minnesota.

16. In addition to its extensive common law rights, 3M has registered the POST-IT Mark on the Principal Register of the United States Patent and Trademark Office in accordance with federal law. 3M owns numerous U.S. registrations, many of which are incontestable, for its famous mark POST-IT for numerous goods. These registrations include, but are not limited to, the valid and subsisting registrations shown in the following chart, each of which is incontestable except Reg. No. 3,168,105:

| Mark | Registration Number | Date Issued | Goods |
|---|---|---|---|
| POST-IT | 1046353 | 8/17/76 | Paper and cardboard sheet material having adhesive coating on both sides thereof for attachment to walls or other vertical surfaces to hold displays or other messages in place |
| POST-IT | 1198694 | 6/22/82 | Stationery notes containing adhesive on one side for attachment to surfaces |
| POST-IT | 1208297 | 9/14/82 | Trays for holding stationery notes |

| Mark | Registration Number | Date Issued | Goods |
|---|---|---|---|
| POST-IT | 1284295 | 7/3/84 | Adhesive tape for home and office use |
| POST-IT | 1935381 | 11/14/95 | Adhesive backed easel paper and easel pads |
| POST-IT | 2736421 | 7/15/03 | Stationery notes and note pads containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; cover-up tape for paper; tape flags; printed note forms; printed notes featuring messages, pictures or ornamental designs; adhesive-backed easel paper and easel pads; bulletin boards; glue sticks for stationery or office use; and paper and cardboard sheet material having adhesive coatings on both sides for attachment to walls or other surfaces to hold displays or other messages in place |
| POST-IT | 3168105 | 11/7/06 | Stationery notes containing adhesive on one side for attachment to surfaces; printed notes featuring messages, pictures or ornamental designs; note pads, business forms, index cards, index tabs, easel paper, easel pads, sketch pads, art pads, banners of paper, page markers, bookmarks and recipe cards containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; labeling tape; cover-up tape for paper; correcting tape for type; tape flags; easels; display and message boards, adhesive backed strips and geometrical shapes made from cardboard for attachment to surfaces; dry erase writing boards and writing surfaces; holders for stationery notes, notepads and tape flags; dispensers for tape flags and stationery notes for stationery use; ball point pens and highlighter pens containing tape flags; photo paper |

True and correct copies of these registrations are attached as Exhibit A.

## **DEFENDANTS' UNLAWFUL ACTIVITIES**

17. Defendants manufacture and sell a variety of home and office supplies.

18. Defendants sell office products under the marks NOTE-IT and EARTH-IT ("Defendants' Marks"). For example, Defendants use the mark NOTE-IT in connection with dry-erase boards and combination boards comprising in part dry-erase boards and in part bulletin boards. Defendants use the mark EARTH-IT in connection with repositionable adhesive-backed easel pads and bulletin boards, among other products. (Defendants' products sold under the marks NOTE-IT and EARTH-IT are referred to herein as "Defendants' Products").

19. Defendants' Marks are confusingly similar to 3M's famous POST-IT Mark. In particular, consumers are likely to associate the mark NOTE-IT with POST-IT given 3M's extensive use of the term "Notes" with its POST-IT Mark in connection with its ubiquitous POST-IT Notes products. Similarly, consumers are likely to associate the mark EARTH-IT with POST-IT, particularly given 3M's conservation efforts in connection with its POST-IT products such as those discussed above.

20. Defendants' Products are sold in direct competition with products sold by 3M under its POST-IT Mark.

21. Defendants' Products are promoted and available for purchase online, including from third-party websites such as Amazon.com, as well as in, and on the websites of, leading retailers including Office Depot, Target, and Wal-Mart.

22. Defendants' Products travel through the same channels of trade as competing products sold by 3M under its POST-IT Mark.

23. Defendants are using Defendants' Marks in commerce, and in this judicial district.

24. Defendants began using Defendants' Marks long after 3M began using and registered the POST-IT Mark and long after the POST-IT Mark became famous.

25. Defendants' use of Defendants' Marks in this manner is not authorized or endorsed by 3M in any way.

**EFFECT OF DEFENDANTS' ACTIVITIES ON 3M AND THE CONSUMING PUBLIC**

26. Defendants' unauthorized use of Defendants' Marks in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association between Defendants and 3M or its POST-IT brand, or as to the origin, sponsorship, or approval of Defendants' Products by 3M or its POST-IT brand.

27. Defendants' unauthorized use of Defendants' Marks falsely designates the origin of Defendants' Products, and falsely and misleadingly describes and represents facts with respect to Defendants and their products and services.

28. Defendants' unauthorized use of Defendants' Marks enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for their products and services not solely on

their own merits, but on the reputation and goodwill of 3M, 3M's POST-IT Mark, and 3M's products and services.

29. Defendants' unauthorized use of Defendants' Marks is likely to cause dilution of 3M's famous POST-IT Mark.

30. Defendants' unauthorized use of Defendants' Marks unjustly enriches Defendants at 3M's expense.

31. Defendants' unauthorized use of Defendants' Marks removes from 3M the ability to control the nature and quality of products and services provided under the POST-IT Mark, and places the valuable reputation and goodwill of 3M in the hands of Defendants, over whom 3M has no control.

32. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

33. 3M repeats the allegations above as if fully set forth herein.

34. The acts of Defendants complained of herein constitute infringement of 3M's federally registered POST-IT Mark in violation of 15 U.S.C. § 1114(1).

35. Defendants' acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the POST-IT Mark and with intent to cause confusion and to trade on 3M's vast goodwill in the POST-IT Mark.  In view of the egregious nature of

Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

36.   3M repeats the allegations above as if fully set forth herein.

37.   The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: FEDERAL DILUTION

38.   3M repeats the allegations above as if fully set forth herein

39.   The acts of Defendants complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

40.   Defendants have willfully intended to trade on the recognition of 3M's famous POST-IT Mark, entitling 3M to the additional remedies for trademark dilution set forth in 15 U.S.C. § 1125(c)(5).

### COUNT IV:  DECEPTIVE TRADE PRACTICES

41.   3M repeats the allegations above as if fully set forth herein.

42.   The acts of Defendants complained of herein constitute deceptive trade practices in violation of Minn. Stat. § 325D.44 *et seq*.

43.   Pursuant to Minn. Stat. § 325D.45, 3M is entitled to recover its costs and attorneys' fees.

### COUNT V:  UNLAWFUL TRADE PRACTICES

44.   3M repeats the allegations above as if fully set forth herein.

45. The acts of Defendants complained of herein constitute unlawful trade practices in violation of Minn. Stat. § 325D.09 *et seq.*

46. Pursuant to Minn. Stat. § 325D.15 and Minn. Stat. § 8.31(3a), 3M is entitled to recover its costs, disbursements, costs of investigation, and reasonable attorneys' fees.

## COUNT VI: DILUTION UNDER STATE LAW

47. 3M repeats the allegations above as if fully set forth herein.

48. The acts of Defendants complained of herein constitute trademark dilution in violation of the anti-dilution statutes of Minnesota, Minn. Stat. § 333.285 and the other states in which Defendants have committed the acts complained of herein.

## COUNT VII: TRADEMARK AND TRADE NAME INFRINGEMENT UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

49. 3M repeats the allegations above as if fully set forth herein.

50. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Minnesota and the other states in which Defendants have committed the acts complained of herein.

## COUNT VIII: UNFAIR COMPETITION UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

51. 3M repeats the allegations above as if fully set forth herein.

52. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Minnesota and the other states in which Defendants have committed the acts complained of herein.

## COUNT IX: UNJUST ENRICHMENT

53.     3M repeats the allegations above as if fully set forth herein.

54.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at 3M's expense.

## DEMAND FOR RELIEF

WHEREFORE, 3M demands that:

(a)     Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendants' Marks, and any other mark that is not at least a safe distance away from, or otherwise confusingly similar to or likely to cause dilution of 3M's POST-IT Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b)     Defendants be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(c)     3M recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled;

(d)     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(e)     3M recover its reasonable attorney fees;

(f) 3M recover its costs of this action and prejudgment and post-judgment interest; and

(g) 3M recover such other relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38, 3M demands a jury trial on all issues in this case triable of right by a jury.

Respectfully submitted,

DATED:  August 25, 2010

s/Heather J. Kliebenstein
Heather J. Kliebenstein (MN Bar #0320936)
MERCHANT & GOULD
80 South 8th Street, Suite 3200
Minneapolis, MN 55402-2215
(612) 321-2800

Of counsel:
Sarah A. Lockner (MN Bar #0320936)
3M INNOVATIVE PROPERTIES CO.
3M Center, P.O. Box 33427
St. Paul, MN  55144
(651) 736-3773

**ATTORNEYS FOR PLAINTIFF 3M COMPANY**